IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF PUERTO RICO

| | | |
|---|---|---|
| Autoridad de Energía Eléctrica de Puerto Rico | : | Civil No. |
| Plaintiff | : | |
| v. | : | Declaratory Judgment, Restitution, Damages |
| Vitol, Inc., Vitol, S.A., Inc., Fidelity & Deposit Company of Maryland, Carlos M. Benítez, Inc., Fulano de Tal, Fiadoras A, B and C, Aseguradoras X, Y and Z | : | |
| Defendants | : | |

NOTICE OF REMOVAL

COME NOW Vitol, Inc. and Vitol, S.A., erroneously described in the complaint as Vitol, S.A., Inc., and pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) remove this action from the Commonwealth of Puerto Rico Court of First Instance, Superior Part of San Juan, to this Court, stating as follows:

INTRODUCTION

1.     The Puerto Rico Electric Power Authority ("PREPA") filed this action on November 4, 2009 in the Commonwealth of Puerto Rico Court of First Instance, Superior Part of San Juan, under the caption *Autoridad de Energía Eléctrica de Puerto Rico v. Vitol, Inc., Vitol, S.A., Inc., Fidelity & Deposit Company of Maryland, Carlos M. Benítez, Inc., Fulano de Tal, Fiadoras A, B y C, Aseguradoras X, Y y Z*, Civil No. K AC2009-1376 (901). Certified copy of the original complaint in Spanish and a certified English translation are attached hereto as **Exhibits 1** and **2**, respectively. Summonses were issued on that date.

2. Process was served upon Vitol, Inc. on November 12 through its resident agent, CSC/The Prentice-Hall Corporation System, Puerto Rico, Inc. Copy of the original summons in Spanish and a certified English translation are attached hereto as **Exhibits 3** and **4**, respectively. Copy of the agent's notification of service to Vitol, Inc. is attached hereto as **Exhibit 5**.

3. Process upon the co-defendants Fidelity & Deposit Company of Maryland ("Fidelity") and Carlos M. Benítez, Inc. ("Benítez") was also served on November 12, 2009. Certified copy of the original summonses in Spanish and certified English translations are attached hereto as **Exhibits 6**, **7**, **8** and **9**, respectively.

4. Process upon co-defendant Vitol, S.A., Inc. was improperly served on November 13, 2009. Certified copy of the original summons in Spanish and a certified English translation are attached hereto as **Exhibits 10** and **11**, respectively.

5. On December 1, 2009, Vitol, Inc. moved for extension, until December 22, to answer or otherwise plead. Certified copy of the original motion for extension of time in Spanish and a certified English translation are attached hereto as **Exhibits 12** and **13**, respectively. Vitol, Inc. has not received notification that the State court ruled on its request for extension.

6. Also on December 1, 2009, counsel for Fidelity filed a motion assuming legal representation and requesting an extension to answer or otherwise plead. Certified copy of the original motion in Spanish and a certified English translation are attached hereto as **Exhibits 14** and **15**, respectively. Vitol, Inc. has not received notification that the State court ruled on Fidelity's request for extension.

7.      Vitol, Inc. and Vitol, S.A., Inc. respectfully proceed to remove this pursuant to 28 U.S.C. § 1441(a).  As will be discussed below, this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a)(1), and this notice of removal has been filed in a timely fashion in compliance with the procedure for the removal of a civil action filed in a state court, as set forth in 28 U.S.C. § 1446.

## REMOVAL

Section § 1441(a) provides for the removal "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different States.

A.   Original Jurisdiction

   1.   *Jurisdictional Amount*

As per plaintiff's allegations, the matter in controversy exceeds two billion dollars.  *See* **Exhibit 2**, ¶¶ 58, 63 and 65.

   2.   *Diversity Jurisdiction*

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  PREPA is a public corporation of the Commonwealth of Puerto Rico, created pursuant to Law No. 83 of May 2, 1941, 22 P.R. Laws Ann. §§ 191 *et seq.*  Vitol, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business in Houston, Texas.  Vitol, S.A. is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Geneva.  Upon information and belief, defendant Fidelity is a corporation organized and existing under the laws of Maryland, with its principal place of business in a State other than Puerto Rico.  Upon information and belief, defendant Benítez is a citizen of Puerto Rico.  As shown below, however, it is clear that Benítez was joined only to defeat removal.  Hence, it should be disregarded in determining diversity of citizenship.  In the event that Fidelity could be deemed a citizen of Puerto Rico, such citizenship should also be disregarded in determining complete citizenship.  Fidelity, like Benítez, was improperly joined in this action.   Defendants Fulano de Tal, Fiadoras A, B and C, and Aseguradoras X, Y and Z are being sued under fictitious names, and thus their citizenship must be disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a); *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994).

  *3.*  *Improper Joinder*

    A district court "will not allow removal jurisdiction to be defeated by the plaintiff's destruction of complete diversity by the collusive or improper joinder of parties or the assignment of claims." *Pastrana v. Solstar*, 46 F. Supp.2d 101, 103 (D.P.R. 1999).  The burden to prove improper or fraudulent joinder rests with the defendant.  *See Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

    The First Circuit has held that "a finding on fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983).  Fraudulent or improper joinder can be proved by showing either (1) actual fraud in the pleading of

jurisdictional facts or (2) plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *See Renaissance Marketing, Inc. v. Monitronics Int'l, Inc.*, 606 F. Supp.2d 201, 208 (D.P.R. 2009); *Ponce Super Center, Inc. v. Glenwood Holdings Inc.*, 359 F. Supp.2d 27, 30 (D.P.R. 2005); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  When a defendant relies on the second alternative, he or she must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Renaissance Marketing, Inc.*, 606 F. Supp.2d at 208 (*citing Gasch v. Harford Accident and Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal quotation marks omitted).  In this case, PREPA is unable to establish a cause of action against Fidelity or Benítez.

As it is relevant for present purposes, with this action PREPA seeks a declaratory judgment that two fuel oil supply contracts with Vitol, Inc. are null and void because of illicit consideration, as they were allegedly obtained in violation of Puerto Rico law and through fraud or deceit ("dolo").  As result, PREPA seeks restitution of the consideration paid pursuant to the contracts, plus damages purportedly resulting from Vitol, Inc.'s alleged fraudulent actions and/or omissions.  *See* **Exhibit 2**, ¶¶ 47, 48, 57, 58, 63.  Alternatively, PREPA seeks damages for breach of contract.  *See* **Exhibit 2**, ¶ 66.  However, such breach refers to the same alleged violation of law which according to PREPA invalidates the contracts.  *See* **Exhibit 2**, ¶¶ 26, 41, 42.  It does not refer to Vitol Inc.'s performance.  *See* **Exhibit 2**, ¶¶ 26, 41, 42.  Indeed, the complaint does not contain any allegations that Vitol, Inc. failed to perform or inadequately performed any of its fuel-supply obligations under the contracts.

It should be noted, moreover, that one of the contracts already expired; the other will expire in January 2010.  *See id.* ¶¶ 69, 70.

The contracts in questions were each guaranteed by a performance bond issued by Fidelity and countersigned by Benítez.  See **Exhibits 16** and **17** hereto.  PREPA seeks to hold Fidelity and Benítez joint and severally liable for all amounts claimed in the complaint.  See **Exhibit 2**, ¶ 71.

Under Puerto Rico law, a security or bond is accessory to the principal obligation.  *See, e.g.*, *Sucn. María Resto v. Ortiz*, 157 P.R. Dec. 803, 810 (2002); *Luan Invest. Corp. v. Rexach Const. Co.*, 152 P.R. Dec. 652, 661 (2000).  Hence, without a valid obligation, a "[s]ecurity cannot exist."  P.R. Civ. Code, art. 1723, 31 P.R. Laws Ann. § 4873.  When an obligation is void ("nula") – as opposed to merely voidable ("anulable") – and thus inexistent, the security is also void and inexistent.  *See P. Millón & Co., Sucrs. v. Caamaño*, 38 P.R. Dec. 193, 201 (1928); XII JOSÉ MARÍA MANRESA Y NAVARRO, COMENTARIOS AL CÓDIGO CIVIL ESPAÑOL 302 (6th ed. 1973); II LUIS DÍEZ-PICAZO, FUNDAMENTOS DEL DERECHO CIVIL PATRIMONIAL 420 (4th ed. 1993).

Puerto Rico law further provides that "[t]he obligation of the surety shall expire at the same time as that of the debtor, and for the same causes as all other obligations."  P.R. Civ. Code, art. 1746, 31 P.R. Laws Ann. § 4951.  Therefore, when the secured obligation is extinguished, so is the surety obligation.  *See  General Electric Credit & Leasing Corp. of Puerto Rico v. Southern Transport & Oil Distributing Corp.*, 132 P.R. Dec. 808, 816 (1993).

In this case, taking the allegations in the complaint as true solely for present purposes, and further assuming that by countersigning the performance bonds Benítez became obligated as co-surety with Fidelity, no cause of action lies against Fidelity or Benítez pursuant to Puerto Rico law.  The thrust of PREPA's complaint is that the contracts with Vitol, Inc. are

void – not merely voidable – for illicit consideration and "do not produce any legal effect whatsoever." See **Exhibit 2**, ¶ 57. See also P.R. Civ. Code, art. 1275, 31 P.R. Laws Ann. § 3432 ("Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals."); *Dennis v. City Federal Savings and Loan Ass'n*, 121 P.R. Dec. 197, 217 (1988); *Sánchez Rodríguez v. López Jiménez*, 116 P.R. Dec. 172, 182 (1985); *Serra v. Salesian Society*, 84 P.R. Dec. 322, 333-34 (1961). Because PREPA is alleging that the contracts are void and thus inexistent, the securities guaranteeing their performance also must be deemed void and inexistent. Without a valid obligation, the performance bonds do not exist and thus PREPA is unable to establish any cause of action against Fidelity or Benítez.

Also, the bond guaranteeing the performance of the contract that already expired must be deemed extinguished. See .R. Civ. Code, art. 1746, 31 P.R. Laws Ann. § 4951; *General Electric Credit & Leasing Corp. of Puerto Rico*, 132 P.R. Dec. at 816.

For the foregoing reasons, Fidelity and Benítez should be deemed improperly joined and thus disregarded in determining complete citizenship. Therefore, complete diversity exists in this case and removal is proper.

B.     Removal Procedure

*1.     Timely filing*

A notice of removal must be filed within thirty (30) days after the receipt by defendant of the initial pleading through service or otherwise. See 28 U.SC. § 1446(b). In this case, this notice is being filed within thirty (30) days of service of the complaint upon Vitol, Inc. and Vitol, S.A., Inc. See **Exhibit 15**.

*2.    Consent*

Ordinarily, all properly served defendants must consent to the removal of an action. *See* 28 U.S.C. § 1446(a). However, a removing party does not need to obtain the consent of defendants who are "nominal, unknown, or have been fraudulently joined to the action in an effort to defeat removal." *Shepard v. Egan*, 767 F. Supp. 1158, 1161 n.3 (D. Mass. 1990) (*citing* 14A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3731 at 504-10 (1985)); *see also Hill v. City of Boston*, 706 F. Supp. 966, 968 (D. Mass. 1989) (same); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F.Supp.2d 109, 118 (D. Mass. 2006) (same); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined") (*citing* Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.1993).

Because Fulano de Tal, Fiadoras A, B and C, and Aseguradoras X, Y and Z are nominal defendants, their consent is not necessary to remove this action. Benítez's and Fidelity's consent is also not necessary because they were improperly joined.

*3.    Complete Record for Removal*

The notice of removal must include "a copy of all process, pleadings, and orders served upon" the removing defendant. *See* 28 U.S.C. § 1446(a). With this notice Vitol, Inc. includes complete and certified copies of the documents in the State court's file as of this date. *See* **Exhibits 1**, **3**, **6**, **8**, **10**, **12** and **14**. In compliance with L.Cv.R. 10(b), Vitol, Inc. also includes certified English translations of the complete and certified copy of the State court's file. *See* **Exhibits 2**, **4**, **7**, **9**, **11** and **13**.

4.      *Appropriateness of this Court to Entertain the Removal*

This Court is the court with jurisdiction over the district where this action is pending and may therefore entertain this removal.  *See* 28 U.S.C. §§ 1441(a) and 1391(a).

WHEREFORE, Vitol, Inc. and Vitol, S.A. give notice of removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted.

In San Juan, Puerto Rico this 14th day of December 2009.

**McCONNELL VALDÉS LLC**
*Attorneys for Vitol, Inc.*
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel: (787) 250-5813
Fax: (787) 474-9207

s/ Francisco G. Bruno-Rovira
USDC-PR No. 117011
fgb@mcvpr.com

s/Eduardo A. Zayas-Marxuach
USDC-PR No. 216112
ezm@mcvpr.com

s/Irma M. León-González
USDC-PR No. 221812
il@mcvpr.com