IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF PUERTO RICO

| | | |
|---|---|---|
| Autoridad de Energía Eléctrica de Puerto Rico | : | Civil No. 09-2242(PG) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Declaratory Judgment, Restitution, |
| | : | Damages |
| Vitol, Inc., Vitol, S.A., Inc., Fidelity & Deposit Company of Maryland, Carlos M. Benítez, Inc., Fulano de Tal, Fiadoras A, B and C, Aseguradoras X, Y and Z | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |
| | : | |

ANSWER TO COMPLAINT AND COUNTERCLAIM

TO THE HONORABLE COURT:

COME NOW Vitol, Inc. and Vitol, S.A., erroneously described in the complaint as Vitol,

S.A., Inc., and respectfully state and pray as follows:

ANSWER TO COMPLAINT

JURISDICTION AND VENUE

1.    The allegations in ¶ 1 of the complaint consist of interpretations, conclusions,

references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.

2.    Vitol, Inc. and Vitol, S.A. admit the allegation in the first sentence of ¶ 2 of the

complaint that a substantial controversy exists only between them and the Puerto Rico Electric

Power Authority ("PREPA").  Vitol, Inc. and Vitol, S.A. deny the remaining allegations in ¶ 2 of

the complaint.  Specifically, and as averred below, no controversy exists between PREPA and

co-defendant sureties because PREPA is unable to establish any cause of action against them.

THE ALLEGED PARTIES

3.    Paragraph 3 of the complaint is admitted.

4.    Paragraph 4 of the complaint is admitted.

5.    The allegations in ¶ 5 of the complaint are denied as drafted.  It is affirmatively

averred that Vitol, Inc. is a corporation organized and existing since October 16, 2006 under the

laws of the State of Delaware, and authorized to do business in Puerto Rico since November 16,

2006.  Its offices are located at 1100 Louisiana Street, Suite 5500, Houston, Texas, telephone

(713) 230-1000, fax (713) 230-1111.  Vitol, Inc. is engaged in the trade of fuel oil in North and

Latin America and the Caribbean.  Its resident agent in Puerto Rico is CSC/The Prentice-Hall

Corporation System, Puerto Rico, Inc., 254 Muñoz Rivera Avenue, 8th Floor, San Juan, Puerto

Rico 00918.

6.    The allegations in ¶ 6 of the complaint are denied.  It is affirmatively averred that

Vitol, Inc. is a subsidiary of Vitol Holdings SÁRL.

7.    The allegations in ¶ 7 of the complaint are denied.  It is affirmatively averred that

Vitol, S.A. is a corporation organized and existing under the laws of Switzerland, with its

principal place of business in Geneva.

8.    The allegations in ¶ 8 of the complaint are denied.  It is affirmatively averred that

Vitol, S.A. is a subsidiary of Vitol Holdings SÀRL.

[2]

9.      The allegations in ¶ 9 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from these parties; to the extent that they do, Vitol, Inc. or Vitol, S.A. deny them.

10.      The allegations in ¶ 10 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from these parties.  It is affirmatively averred, however, that PREPA improperly joined Fidelity and Deposit Company of Maryland ("Fidelity") and Carlos M. Benítez, Inc. ("Benítez") as defendants in an attempt to defeat complete diversity in this case.

11.      The allegations in ¶ 11 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from these parties; to the extent that they do, Vitol, Inc. or Vitol, S.A. deny them.

12.      The allegations in ¶ 12 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from these parties; to the extent that they do, Vitol, Inc. or Vitol, S.A. deny them.

ALLEGED FACTS

13.      The allegations in ¶ 13 of the complaint are admitted.

14.      The allegations in ¶ 14 of the complaint are denied as drafted.  It is affirmatively averred that John D. Zimmerman and Keith W. Swaby subscribed a letter dated December 20, 2006, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

15.      The allegations in ¶ 15 of the complaint are denied as drafted.  It is affirmatively averred that on December 21, 2006, Antonio Maarraoui subscribed a sworn statement on behalf

of Vitol, Inc., which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.  However, the allegation in ¶ 15 that such sworn statement was made extensive to a period of ten years is denied.

16.    The allegations in ¶ 16 of the complaint are denied as drafted.  It is affirmatively averred that toward the end of January 2007 Vitol, Inc. and PREPA subscribed Contract 902-08-06 for the supply of fuel oil number 6 for the Aguirre Power Plant.  The original term of the contract was one year, renewable for another year.  This contract became effective on January 27, 2007.

17.    The allegations in ¶ 17 of the complaint are admitted.

18.    The allegations in ¶ 18 of the complaint are admitted.

19.    The allegations in ¶ 19 of the complaint are denied as drafted.  It is affirmatively averred that on January 10, 2008 John D. Zimmerman subscribed a document titled Assistant Secretary's Certificate, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

20.    The allegations in ¶ 20 of the complaint are denied as drafted.  It is affirmatively averred that on January 18, 2008, Antonio Maarraoui subscribed a sworn statement on behalf of Vitol, Inc., which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

21.    The allegations in ¶ 21 of the complaint are denied as drafted.  It is affirmatively averred that on January 18, 2008, Antonio Maarraoui subscribed a sworn statement, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

[4]

However, the allegation in ¶ 21 that such sworn statement was made extensive to a period of ten years is denied.

22.    The allegations in ¶ 22 of the complaint are denied as drafted.  It is affirmatively averred that on January 25, 2008, Antonio Maarraoui subscribed a sworn statement on behalf of Vitol, Inc., which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.  However, the allegation in ¶ 22 that such sworn statement was made extensive to a period of ten years is denied.

23.    The allegations in ¶ 23 of the complaint are denied as drafted.  It is affirmatively averred that on January 29, 2008 Vitol, Inc. and PREPA subscribed Purchase Contract 902-14-07/Light Distillate No. 2 Fuel Oil for the Cambalache Power Plant ("Contract 902-14-07"), which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.  It is further averred that Contract 902-14-07 already expired.

24.    The allegations in ¶ 24 of the complaint are denied as drafted.  It is affirmatively averred that Vitol, Inc. and PREPA subscribed Contract 902-14-07, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

25.    The allegations in ¶ 25 of the complaint are denied as drafted.  It is affirmatively averred that on December 31, 2008 Vitol, Inc. and PREPA subscribed Purchase Contract 902-03-08/Light Distillate No. 2 Fuel Oil for the San Juan Combined Cycle and Palo Seco Power Plants ("Contract 902-03-08"), which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.  It is further averred that Contract 902-03-08 will expire in January of 2010.

[5]

26.     The allegations in ¶ 26 of the complaint are denied as drafted.  It is affirmatively averred that Vitol, Inc. and PREPA subscribed Contract 902-03-08, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.

27.     The allegations in ¶ 27 of the complaint are denied as drafted.  It is affirmatively averred that Vitol, Inc., which is an entity with its own juridical personality, was not required to inform PREPA about the plea agreement of Vitol, S.A. in New York on November 20, 2007, in a case that did not bear upon Vitol, Inc. or the business between Vitol, Inc. and PREPA.  Any interpretation or paraphrasing of the content of the plea agreement is denied, as such content speaks for itself.

28.     The allegations in ¶ 28 of the complaint are denied as drafted.  It is affirmatively averred that the allegations and information related to the claims or charges against Vitol, S.A. are contained in the file of the case captioned *The People of the State of New York v. Vitol, S.A.*, No. 5867-07.  Hence, any interpretation or paraphrasing of the content of such file is denied.

29.     The allegations in ¶ 29 of the complaint are denied as drafted.  It is affirmatively averred that on November 20, 2007 Vitol, S.A. entered into a plea agreement in the case captioned *The People of the State of New York v. Vitol, S.A.*, No. 5867-07.  The content of such plea agreement speaks for itself; therefore, any interpretation or paraphrasing of the same is denied.

30.     The allegations in ¶ 30 of the complaint do not require a responsive pleading from Vitol, Inc. or Vitol, S.A.; to the extent that they do, they are denied.

31.     The allegations in ¶ 31 of the complaint are denied as drafted.  It is affirmatively averred that Vitol, Inc., which is an entity with its own juridical personality, was not required to

[6]

inform PREPA about the investigation, processing or plea agreement of Vitol, S.A. in New York

in the case captioned *The People of the State of New York v. Vitol, S.A.*, No. 5867-07.

ALLEGED FIRST CAUSE OF ACTION:
DECLARATORY JUDGMENT REGARDING NULLITY OF GOVERNMENT
CONTRACTS AND PROHIBITION TO CONTRACT
WITH PUBLIC ENTITIES

32.    The allegations in the preceding paragraphs are incorporated here by reference.

33.    The allegations in ¶ 33 of the complaint consist of interpretations, conclusions,

references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol,

Inc. at all times during their relationship with PREPA have complied with the law.

34.    The allegations in ¶ 34 of the complaint consist of interpretations, conclusions,

references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol,

Inc. at all times during their relationship with PREPA have complied with the law.

35.    The allegations in ¶ 35 of the complaint consist of interpretations, conclusions,

references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol,

Inc. at all times during their relationship with PREPA have complied with the law.

36.    The allegations in ¶ 36 of the complaint consist of interpretations, conclusions,

references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol,

Inc. at all times during their relationship with PREPA have complied with the law.

[7]

37.     The allegations in ¶ 37 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

38.     The allegations in ¶ 38 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

39.     The allegations in ¶ 39 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

40.     The allegations in ¶ 40 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

41.     The allegations in ¶ 41 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law, and that Vitol, Inc. is not an *alter ego* of Vitol, S.A.

42.     The allegations in the first sentence of ¶ 42 are denied as drafted.  It is affirmatively averred that on January 10, 2008 John D. Zimmerman subscribed a document titled Assistant Secretary's Certificate, which content speaks for itself.  Hence, any interpretation or paraphrasing of such content is denied.  The remaining allegations in ¶ 42 are denied.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law, and that Vitol, Inc. is not an *alter ego* of Vitol, S.A.

43.     The allegations in ¶ 43 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law, and that Vitol, Inc. is not an *alter ego* of Vitol, S.A.

44.     The allegations in ¶ 44 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law, and that Vitol, Inc. is not an *alter ego* of Vitol, S.A.

45.     The allegations in ¶ 45 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law, and that Vitol, Inc. is not an *alter ego* of Vitol, S.A.

46.    The allegations in ¶ 46 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

47.    The allegations in ¶ 47 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

48.    The allegations in ¶ 48 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

49.    The allegations in ¶ 49 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

ALLEGED SECOND CAUSE OF ACTION:
DECLARATORY JUDGMENT REGARDING NULLITY OF GOVERNMENT
CONTRACTS FOR *TURPIS CAUSA* AND/OR ILLEGAL CONSIDERATION AND ACTION
FOR RESTITUTION UNDER ARTS. 1227, 1257 AND 1258 OF THE CIVIL CODE

50.    The allegations in the preceding paragraphs are incorporated here by reference.

51.    The allegations in ¶ 51 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

52.    The allegations in ¶ 52 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they

do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

53.    The allegations in ¶ 53 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

54.    The allegations in ¶ 54 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

55.    The allegations in ¶ 55 of the complaint are denied.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

56.    The allegations in ¶ 56 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.  Further, Vitol, Inc. is not an *alter ego* of Vitol, S.A.

57.    The allegations in ¶ 57 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

58.    The allegations in ¶ 58 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.  In addition, the amount which restitution PREPA requests is exaggerated and not warranted under law and fails to address the fact that Vitol, Inc. delivered product which was fully in accordance with the contract terms and was accepted and used by PREPA.  Further, PREPA presently owes Vitol, Inc. the principal amount of $28,477,244.25.

ALLEGED THIRD CAUSE OF ACTION:<br>
DAMAGES PURSUANT TO ART. 1060 OF THE CIVIL CODE<br>
CAUSED BY DECEIT IN THE CONTRACTING PROCESS

59.    The allegations in the preceding paragraphs are incorporated here by reference.

60.    The allegations in ¶ 60 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

61.    The allegations in ¶ 61 of the complaint are denied.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

62.    The allegations in ¶ 62 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

63.    The allegations in ¶ 63 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.  In addition, the amount which restitution PREPA requests is exaggerated, speculative and not warranted under law; if they ever materialized, it would be as a result of PREPA's own actions and/or omissions.

### ALLEGED FOURTH[1] CAUSE OF ACTION: DAMAGES PURSUANT TO ART. 1054 OF THE CIVIL CODE CAUSED BY BREACH OF CONTRACT

64.    The allegations in the preceding paragraphs are incorporated here by reference.

65.    The allegations in ¶ 65 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

66.    The allegations in ¶ 66 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A., Inc. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.  It is denied that Vitol, S.A., Inc. or Vitol, Inc. incurred in deceit, fault or negligence and that at all times they faithfully and fully performed their contractual obligations with PREPA.

---

[1] This cause of action is incorrectly numbered in the complaint as a third cause of action.

ALLEGED FIFTH[2] CAUSE OF ACTION:
LIABILITY OF THE SURETY(IES)

67.     The allegations in the preceding paragraphs are incorporated here by reference.

68.     The allegations in ¶ 68 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from the appearing parties; to the extent that they do, Vitol, Inc. or Vitol, S.A. deny them.  The allegations in ¶ 68 of the complaint consist of interpretations, conclusions, references and citations of law which also do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is admitted that Fidelity and Benítez issued performance bonds for Contracts 902-14-07 and 902-03-08.  It is affirmatively averred that Fidelity and Benítez were improperly joined in this case.  Under Puerto Rico law, a security or bond is accessory to the principal obligation.  *See, e.g.*, *Sucn. María Resto v. Ortiz*, 157 P.R. Dec. 803, 810 (2002); *Luan Invest. Corp. v.  Rexach Const. Co.*, 152 P.R. Dec. 652, 661 (2000).  Hence, without a valid obligation, a "[s]ecurity cannot exist."  P.R. Civ. Code, art. 1723, 31 P.R. Laws Ann. § 4873.  When an obligation is void ("nula") – as opposed to merely voidable ("anulable") – and thus inexistent, the security is also void and inexistent.  *See P. Millón & Co., Sucrs. v. Caamaño*, 38 P.R. Dec. 193, 201 (1928); XII JOSÉ MARÍA MANRESA Y NAVARRO, COMENTARIOS AL CÓDIGO CIVIL ESPAÑOL 302 (6th ed. 1973); II LUIS DÍEZ-PICAZO, FUNDAMENTOS DEL DERECHO CIVIL PATRIMONIAL 420 (4th ed. 1993).  In this case, taking the allegations in the complaint as true solely for present purposes, and further assuming that by countersigning the performance bonds Benítez became obligated as co-surety with Fidelity, no cause of action lies against Fidelity or Benítez pursuant to Puerto

---

[2] This cause of action is incorrectly numbered in the complaint as a fourth cause of action.

Rico law.  The thrust of PREPA's complaint is that the contracts with Vitol, Inc. are void –

*nulos* – for illicit consideration and that they "do not produce any legal effect whatsoever."  *See*

Docket Document No. 1, **Exhibit 2**, ¶ 57.  *See also* P.R. Civ. Code, art. 1275, 31 P.R. Laws Ann.

§ 3432 ("Contracts without consideration or with an illicit one have no effect whatsoever.

A consideration is illicit when it is contrary to law and good morals."); *Dennis v. City Federal*

*Savings and Loan Ass'n*, 121 P.R. Dec. 197, 217 (1988); *Sánchez Rodríguez v. López Jiménez*,

116 P.R. Dec. 172, 182 (1985); *Serra v. Salesian Society*, 84 P.R. Dec. 322, 333-34 (1961).

Because PREPA is alleging that the contracts are void and thus inexistent, the securities

guaranteeing their performance also must be deemed void and inexistent.  Without a valid

obligation, the performance bonds do not exist and thus PREPA is unable to establish any cause

of action against Fidelity or Benítez.  For the foregoing reasons, Fidelity and Benítez should be

deemed improperly joined.

      69.     The allegations in ¶ 69 of the complaint are denied.  It is affirmatively averred

that Fidelity, countersigned by Benítez, issued performance LPM 8796871 for $7,777,245,

effective for the period between February 1, 2008 until August 1, 2009, in relation to Contract

902-14-07, which original term was of 18 months.   It is affirmatively averred that this

performance bond was extinguished upon expiration of Contract 902-14-07.  Puerto Rico law

provides that "[t]he obligation of the surety shall expire at the same time as that of the debtor,

and for the same causes as all other obligations."  P.R. Civ. Code, art. 1746, 31 P.R. Laws Ann. §

4951.  Therefore, when the secured obligation is extinguished, so is the surety obligation.  *See*

*General Electric Credit & Leasing Corp. of Puerto Rico v. Southern Transport & Oil*

*Distributing Corp.*, 132 P.R. Dec. 808, 816 (1993).  The allegations in paragraph 68 are incorporated here by reference.

70.      The allegations in ¶ 70 of the complaint are denied.  It is affirmatively averred that Fidelity, countersigned by Benítez, issued performance LPM 8796881 for $12,770,000, effective for one year beginning on February 1, 2009, in relation to Contract 902-03-08, which original term was of one year.  The allegations in the paragraphs 68 and 69 are incorporated here by reference.

71.      The allegations in ¶ 71 of the complaint are denied.   It is affirmatively averred that Vitol, S.A., Inc. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law and have faithfully and fully performed their contractual obligations with PREPA.  Further, PREPA does not have a viable cause of action against Fidelity or Benítez.

ALLEGED SIXTH[3] CAUSE OF ACTION:<br>LIABILITY OF INSURER(S)

72.      The allegations in the preceding paragraphs are incorporated here by reference.

73.      The allegations in ¶ 73 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from the appearing parties; to the extent that they do, Vitol, Inc. or Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A., Inc. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law and have faithfully and fully performed their contractual obligations with PREPA.

74.      The allegations in ¶ 73 of the complaint are not directed at Vitol, Inc. or Vitol, S.A. and, therefore, do not require a responsive pleading from the appearing parties; to the extent

---

[3] This cause of action is incorrectly numbered in the complaint as a fifth cause of action.

[16]

that they do, Vitol, Inc. or Vitol, S.A. deny them.   Further, the allegations in ¶ 74 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A., Inc. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law and have faithfully and fully performed their contractual obligations with PREPA.

ALLEGED SEVENTH[4] CAUSE OF ACTION:
ATTORNEY'S FEES AND COSTS OF THE LAWSUIT

75.    The allegations in the preceding paragraphs are incorporated here by reference.

76.    The allegations in ¶ 76 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

77.    The allegations in ¶ 77 of the complaint consist of interpretations, conclusions, references and citations of law which do not require a responsive pleading; to the extent that they do, Vitol, Inc. and Vitol, S.A. deny them.  It is affirmatively averred that Vitol, S.A., Inc. and Vitol, Inc. at all times during their relationship with PREPA have complied with the law.

ALLEGED EIGHTH[5] CAUSE OF ACTION:
LEGAL INTEREST

78.    The allegations in the preceding paragraphs are incorporated here by reference.

---

[4] This cause of action is incorrectly numbered in the complaint as a sixth cause of action.

[5] This cause of action is incorrectly numbered in the complaint as a seventh cause of action.

79.    The allegations in ¶ 79 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

80.    The allegations in ¶ 80 of the complaint consist of a prayer for relief which does not require a responsive pleading; to the extent that they do, they are denied.  It is affirmatively averred that PREPA is not entitled to the relief sought.

### DEFENSES

1.    The complaint fails to state a plausible entitlement to relief.

2.    The complaint is entirely or partially time barred due to prescription (*prescripción*) and/or lapse (*caducidad*).

3.    The contracts subject of the complaint are valid and enforceable.

4.    Vitol, Inc. and Vitol, S.A., Inc., as well as their shareholders, directors, officers, agents and representatives have at all times acted in compliance with the law.  Should any illegality be deemed to have occurred in this case, it was due to PREPA's failure to exercise due diligence and care to prevent or remedy such purported illegality.

5.    Vitol, Inc. and Vitol, S.A., Inc. have performed and complied with all the obligations assumed pursuant to the contracts with PREPA and PREPA has benefitted from such performance and compliance.

6.    Article 1257 of the Puerto Rico Civil Code is inapplicable in this case; should it be deemed applicable, such application, in the circumstances of this case, is grossly excessive and disproportionate and thus null and unconstitutional.  Among other provisions, application of

[18]

article 1257 of the Puerto Rico Civil Code to this case violates the Eighth Amendment of the Constitution of the United States.

7.    Article 1258 of the Puerto Rico Civil Code is inapplicable in this case; should it be deemed applicable, such application, in the circumstances of this case, is grossly excessive and disproportionate and thus null and unconstitutional.  Among other provisions, application of article 1258 of the Puerto Rico Civil Code to this case violates the Eighth Amendment of the Constitution of the United States.

8.    Alternatively, should article 1258 be deemed constitutionally applicable to this case, only the first paragraph applies.  This paragraph provides that "[w]hen both parties are guilty, neither of them can recover what he may have given by virtue of the contract, nor claim the fulfillment of what the other party may have offered."

9.    PREPA has no right to restitution under Law No. 458 of December 29, 2000, as amended, 3 P.R. Laws Ann. §§ 928 *et seq.*; should such a right be deemed to exist, its application, in the circumstances of this case, is grossly excessive and disproportionate and thus null and unconstitutional.  Among other provisions, application of any right to restitution under Law No. 458 violates the Eighth Amendment of the Constitution of the United States.

10.    PREPA's claims are barred by the doctrines of estoppel, unclean hands and unjust enrichment.

11.    The damages alleged in the complaint are exaggerated, speculative and not warranted under law; if they ever materialized, it would be as a result of PREPA's own actions and/or omissions.

12.     The damages alleged in the complaint, assuming they exist, are the result of acts or omissions of third parties.

13.     PREPA failed to mitigate its damages, if any.

14.     PREPA is not entitled to an award of attorney's fees.

15.     Vitol, Inc. and Vitol, S.A. hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserve the right to amend this answer accordingly.

COUNTERCLAIM

1.     The allegations in the preceding paragraphs are incorporated here by reference.

**The corporate reorganization of Vitol**

2.     In 2006, Vitol, Holdings SÀRL, parent company of Vitol, S.A., made the decision to reorganize Vitol, S.A. in order to segregate its operations in America and the Caribbean from those in Europe, Africa and Asia.  This decision was based on business and tax considerations globally.  Before the reorganization, Vitol, S.A. conducted business in North and Latin America and the Caribbean as an independent branch under the name of Vitol, S.A., Inc.

3.     The result of the reorganization was the incorporation of Vitol, Inc. under the laws of the State of Delaware on October 16, 2006.  Effective January 1, 2007, Vitol, Inc. took over Vitol S.A., Inc.'s business in North and Latin America and the Caribbean, including its business with PREPA in Puerto Rico.

4.     Appropriate notifications, announcements, etc. concerning the reorganization were provided in late 2006 to all of Vitol, S.A.'s business associates in the relevant regions, including PREPA.

[20]

5.      As informed in letters from Vitol S.A., Inc. and/or Vitol Inc. to PREPA, dated December 20, 2006 and January 25 and 30, 2007, Vitol S.A., Inc. transferred to Vitol Inc. the majority of its assets – including a certain Fuel Purchase Contract then in effect between Vitol S.A., Inc. and PREPA – in exchange for Vitol Inc. stock, pursuant to Section 351 of the U.S. Internal Revenue Code of 1987, as amended.

6.      By letter dated January 25, 2007, authorization was requested from PREPA for Vitol, S.A., Inc. to assign to Vitol, Inc. the Fuel Purchase Contract then in effect between Vitol, S.A., Inc. and PREPA.  Although PREPA did not respond in writing to the request, it nevertheless continued to conduct with Vitol, Inc. the business it conducted with Vitol, S.A., Inc. pursuant to said contract, thus ratifying the assignment.

7.      On December 28, 2007, the transfer of Vitol, Inc.'s stock to Vitol Holding SÀRL was completed after approval was obtained from the Internal Revenue Service.

**Vitol, S.A. and Vitol, Inc. are separate and independent entities,
each with its own juridical personality**

8.      Vitol, Inc. is a corporation organized and existing since October 2006 under the laws of Delaware, with principal place of business is in Houston, Texas.  Vitol, S.A., on the other hand, is a Swiss corporation in existence March 2, 1972, with principal place of business is in Geneva.

9.      Although both entities are primarily engaged in the purchase and sale of petroleum commodities in bulk, Vitol, S.A.'s main business locations are Europe, the Middle East and Africa, whereas Vitol, Inc.'s business focuses mainly on North and Latin American and the Caribbean.

[21]

10.    Each company has its own directors and officers, as well as its own support and trading staff, and each entity has its own banking and commercial relationships necessary to manage and run their business on a stand-alone basis.  Further, each company strictly adheres to the requisite corporate formalities and requirements necessary to maintain their respective authorizations to do business in their respective markets.  There is simply no identity of interest and property between the companies to confuse their personalities.  They are truly independent juridical persons.

**History and chronology of Contract 902-0308**

11.    Presently, the only contract in effect between PREPA and Vitol, Inc. is Contract 902-0308.  This contract will expire in January 2010.

12.    The development of events leading up to the execution of Contract 902-03-08 go back to May of 2008, with PREPA's publication of a request for proposal for the purchase of 4.5 million barrels of low sulfur diesel for its Palo Seco/San Juan Power Plant.  The period for submitting proposals began in May 2008 and only two companies participated: Panama Canal Oil and Bunkers, S.A. and Conoco Phillips.  Panama Canal Oil and Bunkers, S.A.'s proposal was favored.

13.    Shortly thereafter, however, PREPA was forced to cancel the contract with Panama Canal Oil and Bunkers, S.A., because the company was unable to obtain the requisite performance bond.  The need to cancel the contract with Panama Canal Oil and Bunkers, S.A. threatened PREPA's fuel supply, which could create an energy crisis in Puerto Rico.  This situation prompted PREPA to execute an emergency contract while it was possible to conduct a

new request for proposals process.  PREPA thus asked several entities to submit proposals and ultimately placed three purchase orders: two with Vitol, Inc. and one with Trafigura.

14.     On October 21, 2008 PREPA published a new request for proposals.  The period to submit proposals began on November 6, 2008.  Complying with all applicable regulatory and statutory requirements, Vitol, Inc. submitted a proposal, upon which PREPA granted it Contract 902-03-08.  However, PREPA did not send confirmation until December 23, 2008, which delayed the execution of Contract 902-03-08 until December 31, 2008.  The timing of the entire request for proposals process was at all times under PREPA's control.

15.     Vitol, Inc. has faithfully and fully performed its obligations under Contract 902-03-08.  Vitol, Inc. has supplied PREPA with light distillate no. 2 fuel oil and PREPA has used this fuel for its San Juan Combined Cycle and Palo Seco Power Plants.

16.     PREPA does not question Vitol, Inc.'s performance anywhere in the complaint. In fact, upon information and belief, PREPA is entirely satisfied with Vitol, Inc.'s performance. However, PREPA has not complied with its obligations under the contract.  At present, PREPA owes Vitol the principal amount of $28,477,244.25 for fuel that Vitol, Inc. delivered fully in accordance with the contract terms and which was accepted and used by PREPA.

### FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

17.     The allegations in the preceding paragraphs are incorporated here by reference.

18.     At all times during their relationship with PREPA, Vitol, S.A. and Vitol, Inc. have complied with the law.

19.     Contracts 902-14-07 and 902-03-08 meet all the requirements for a contract to be valid and enforceable under Puerto Rico law.

[23]

20.    Accordingly, Vitol, Inc. seeks declaratory judgment that Contracts 902-14-07 and 902-03-08 are valid and enforceable.

## SECOND CAUSE OF ACTION: COLLECTION OF MONEY

21.    The allegations in the preceding paragraphs are incorporated here by reference.

22.    PREPA owes Vitol the principal amount of $28,477,244.25.

23.    The foregoing amount is liquid, due and payable.  It remains unpaid despite Vitol, Inc.'s requests for payment.

24.    Vitol, Inc. is also entitled to recover past due interest on the outstanding principal amount at the maximum rate allowed by law.

25.    Accordingly, Vitol, Inc. seeks judgment against PREPA in the principal amount of $28, 477,244.25, plus past due interest at the maximum rate allowed by law.

## THIRD CAUSE OF ACTION: DAMAGES

26.    The allegations in the preceding paragraphs are incorporated here by reference.

27.    PREPA's actions and omissions with regards to Vitol, Inc. are contrary to law. They unsupported and essentially the result of flawed information disseminated by the press and the opinion which such information helped to create in the public's mind.

28.    Indeed, acting upon this information, on June 4, 2009 PREPA suspended Vitol, Inc. from its Registry of Bidders.  PREPA made this decision without conducting an investigation of the information disseminated by the press and without granting Vitol, Inc. a prior hearing, thus violating its constitutional due process rights.

29.    PREPA's actions and omissions have caused and continue to cause substantial damages to Vitol, Inc.'s reputation and economic well being.  The amount of these damages has

not yet been determined, but it is estimated that they will exceed hundreds of millions of dollars. Hence, once they are determined, Vitol, Inc. will amend this counterclaim.

30.     Accordingly, Vitol, Inc. seeks judgment against PREPA for reputational and economic damages which are estimated to exceed hundreds of millions of dollars.

FOURTH CAUSE OF ACTION: COLLECTION OF MONEY

31.     The allegations in the preceding paragraphs are incorporated here by reference.

32.     During the time Vitol, S.A., Inc. and Vitol, Inc. had contracts with PREPA, the Puerto Rico Legislature approved legislation increasing the excise taxes applicable to such contracts.  In compliance with such contracts, Vitol, Inc. invoiced the increase to PREPA but PREPA refused to pay it, contrary to the express contractual provisions.  Hence, Vitol, S.A., Inc. and Vitol, Inc. paid such taxes.

33.     Legislation was subsequently approved exempting from excise taxes the sale of fuel to PREPA for generation of electric power.  Vitol, S.A., Inc. and Vitol, Inc. requested from the Puerto Rico Department of the Treasury the excise taxes paid under the previous legislation. This request is presently pending.

34.     In the event that the Puerto Rico Department of the Treasury denies or after reasonable time fails to act upon Vitol, S.A., Inc.'s and Vitol, Inc.'s request for reimbursement, PREPA must reimburse Vitol, S.A., Inc. and Vitol, Inc. for the taxes paid.

35.     The taxes paid by Vitol, S.A., Inc. and Vitol, Inc. exceed $17 million.

36.     Accordingly, seeks judgment against PREPA in the principal amount of $17 million, plus past due interest at the maximum rate allowed by law, for reimbursement of excises

[25]

taxes which it was contractually obligated to reimburse Vitol, S.A., Inc. and Vitol, Inc. but refused to do so.

FIFTH CAUSE OF ACTION: COSTS AND ATTORNEY'S FEES

37.    The allegations in the preceding paragraphs are incorporated here by reference.

38.    Vitol, Inc. seeks judgment against PREPA for reasonable amounts of costs and attorney's fees pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure.

SIXTH CAUSE OF ACTION: LEGAL INTEREST

39.    The allegations in the preceding paragraphs are incorporated here by reference.

40.    Pursuant to Rule 44.3(a) of the Puerto Rico Rules of Civil Procedure, Vitol, Inc. seeks the imposition of interest on the totality of the judgment against PREPA.

WHEREFORE, Vitol, Inc. and Vitol, S.A. respectfully requests the Court to:

(a)    Dismiss the complaint and enter declaratory judgment that Contracts 902-14-07 and 902-03-08 are valid and enforceable.

(b)    Enter judgment against PREPA in the principal amount of $28, 477,244.25, plus past due interest at the maximum rate allowed by law.

(c)    Enter judgment against PREPA for reputational and economic damages which are estimated to exceed hundreds of millions of dollars.

(d)    Enter judgment against PREPA in the principal amount of $17 million, plus past due interest at the maximum rate allowed by law, for reimbursement of excises taxes which it was contractually obligated to reimburse Vitol, S.A., Inc. and Vitol, Inc. but refused to do so.

[26]

(e)     Enter judgment against PREPA for reasonable amounts of costs and attorney's

fees pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure.

(f)     Impose interest on the totality of the judgment against PREPA pursuant to Rule

44.3(a) of the Puerto Rico Rules of Civil Procedure.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 22nd day of December 2009.

**McCONNELL VALDÉS LLC**
*Attorneys for Vitol, Inc.*
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel: (787) 250-5813
Fax: (787) 474-9207

s/ Francisco G. Bruno-Rovira
USDC-PR No. 117011
fgb@mcvpr.com

s/Eduardo A. Zayas-Marxuach
USDC-PR No. 216112
ezm@mcvpr.com

s/Irma M. León-González
USDC-PR No. 221812
il@mcvpr.com

**Certificate of Service**

I hereby certify that on this same date copy of this Answer to Complaint and

Counterclaim has been sent by first class mail to: **Roberto Corretjer Piquer** & **Leticia M.**

**Avilés Matos**, Bufete Roberto Corretjer Piquer, 625 Ave. Ponce de León, San Juan, Puerto

Rico 00917-4819; **Cristina M. Abella Díaz**, RG Law Offices PSC, 124 Isabel Andréu Aguilar,

Hato Rey, Puerto Rico 00918; **Carlos M. Benítez, Inc.**, 470 Avenida Ponce de León, San Juan,

Puerto 00918.

s/Eduardo A. Zayas-Marxuach
USDC-PR No. 216112
ezm@mcvpr.com

[28]