UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

```
P.R. ELECTRIC POWER AUTHORITY      *
                                   * Civil No. 09-02242
        Plaintiff                  *
                                   *
             v.                    *
                                   *
VITOL, INC.; et al.                *
                                   *
        Defendants                 *
************************************************
```

**MOTION FOR REMAND**

NOW COMES the P.R. Electric Power Authority ("PREPA"), through its undersigned counsel, and very respectfully states and prays:

1.  On December 14, 2009, Vitol, Inc. and Vitol, S.A. (collectively the "Vitols") filed a "Notice of Removal" (Docket #1) by which they removed to this honorable court the civil action that PREPA filed against the Vitols, Fidelity & Deposit Company of Maryland, Carlos M. Benítez, Inc. ("Benítez"), Fulano de Tal, Fiadoras A, B y C y Aseguradoras X, Y y Z (collectively "Defendants") in the Commonwealth of P.R. Court of First Instance, San Juan Part, to wit civil case number K AC2009-1376 (901) (the "State Case").

2.  The Vitols' removal is premised on the alleged existence of diversity jurisdiction which in turn is premised on the Vitols' allegation that PREPA joined Benítez as a defendant in the State Case only to defeat complete diversity, as Benítez is a citizen of P.R.  The Vitols' purported removal is unmeritorious for, at least, two reasons: a) PREPA's joinder of Benítez as a defendant in the State Case is not improper or fraudulent and b) pursuant to the

choice of law and venue clauses of the agreements between Vitol, Inc. and PREPA, which are the basis for PREPA's complaint in the State Case and the Vitol's counterclaim filed herein, the state courts of P.R. are the only courts with competent and exclusive jurisdiction over disputes among Vitol, Inc. and PREPA regarding the contracts.

A.   **Removal and Remand Generally**

3.   Pursuant to 28 U.S.C. § 1441(a) a defendant in a civil action in a state court may remove such action to the federal district court for the district that embraces the place where the action is pending, if the federal district court would have original jurisdiction over such action.  See 28 U.S.C. § 1441(a).  The process for removal of a civil action in a state court to a federal district court is governed by 28 U.S.C. § 1446, which requires such defendant to file a notice of removal, stating the grounds for removal, within thirty (30) days of being served with the pleading stating the cause of action which the defendant seeks to remove.

4.   A plaintiff in a civil action that has been removed from state court to federal district court may move the federal district court to remand the removed civil action back to the state court from which it was removed by filing a motion for remand, within thirty (30) days of the filing of the notice of removal if remand is sought for any defect, other than lack of subject matter jurisdiction, or at any time if remand is sought due to lack of subject matter jurisdiction by the federal district court.  See 28 U.S.C. § 1447(c).  If the federal district court remands the case to state court, the order remanding the case may require the removing

defendant to pay just costs and actual expenses, including attorney's fees, incurred by the plaintiff as a result of the removal. See 28 U.S.C. § 1447(c).

**B.     Alleged Improper Joinder**

5.     As stated above, the Vitols seek removal based on diversity jurisdiction. The Vitols allege that diversity jurisdiction exists, despite Benítez being a citizen of PR, because PREPA allegedly improperly joined Benítez in an attempt to defeat total diversity.

6.     "Diversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3rd 82, 91 (1st Cir. 2008). "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Picciotto v. Continental Casualty Co., 512 F.3d 9, 21 (1st Cir. 2008) (internal citations and quotations omitted).

7.     The U.S. Court of Appeals for the First Circuit has not established a test to determine whether joinder of a non-diverse party is improper. Riojas v. C.R. Bard, Inc., 2009 WL 1249293 (D. R.I. 2009). However, it is well settled that when a defendant that seeks removal alleges that there has been an improper joinder of a party whose joinder would defeat total diversity, the party seeking removal bears an extremely heavy burden and must prove that the joinder is improper or fraudulent by clear and convincing evidence. Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F. Supp. 2d 201, 208 (D. P.R. 2009); Riojas v. C.R. Bard, Inc., 2009 WL 1249293 (D. R.I. 2009); In re Pharmaceutical Industry Average Wholesale Price Litigation, 431 F. Supp. 2d

109, 120 (D. Mass. 2006).  Moreover, the removal statute must be strictly construed and any doubts or disputes as to law or fact are to be resolved in favor of the plaintiff.  Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F. Supp. 2d at 208; Arriaga v. New England Gas Company, 483 F. Supp. 2d 177 (D. R.I. 2007).

8.     A defendant is improperly or fraudulently joined (a) when the plaintiff brings such defendant into the action through outright fraud in the complaint's statement of jurisdictional facts or (b) when no possibility exists for the plaintiff to establish a claim against the non-diverse defendant in the state case.  Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D. R.I. 2006).  When the party seeking removal relies on the second scenario, the federal district court must determine if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F. Supp. 2d at 208 (citing Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

9.     In the case of caption, the Vitols rely on the second prong of the test to allege that PREPA improperly joined Benítez.

10.    In order for the Vitols to prosper on their argument as to Benítez's improper joinder, the Vitols must show that PREPA has failed to state a cause of action as to Benítez.  The Vitols must demonstrate that there is no reasonable basis for the district court to predict that PREPA may be able to recover against Benítez.  The Vitols have failed to do so.  The Vitols' unsubstantiated allegations

Page 4

of improper joinder are not enough to demonstrate by clear and convincing evidence that there is no reasonable basis for the honorable court to predict that PREPA may be able to recover against Benítez.  Therefore, the honorable court should remand the State Case to state court due to lack of subject matter jurisdiction, as complete diversity between PREPA and the Defendants does not exist.

**B.   Forum Selection Clause**

11.   However, even assuming for argument's sake that the Vitols could show by clear and convincing evidence that there are no reasonable grounds under which PREPA may recover against Benítez, that Benítez was improperly joined, and that complete diversity exists between PREPA and the Defendants, Vitol, Inc. has waived its right to remove the State Case to this honorable Court and therefore the State Case should be remanded to state court.

12.   As recognized by the Vitols in their Notice of Removal, pursuant to 28 U.S.C. § 1446(a), all defendants must consent to the removal.  Vitol, Inc. may not request and may not consent to the removal of the State Case because it waived its statutory right to removal in the contracts subject of the State Case.  Moreover, the choice of forum clauses in the contracts between PREPA and Vitol, Inc. militate themselves against removal.  Said contracts read, in relevant part:

> "Also, the contracting parties expressly agree that **only the state courts of Puerto Rico will be the courts of competent and exclusive jurisdiction** to decide over the judicial controversies that

the appearing parties may have among them regarding the terms and conditions of this Contract."[1]

13.  An unambiguous forum selection clause, such as the one contained in the contracts between PREPA and Vitol, Inc., is an unequivocal waiver by Vitol, Inc. of its statutory right to remove a judicial claim from state court to federal court based on diversity of citizenship.  See Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 916 F. Supp. 1063 (D. Colo. 1996).  Contractual forum-selection clauses are prima facie valid and should be enforced.  Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001); also see Renaissance Marketing, Inc. v. Monitronics Intern, Inc., 606 F. Supp. 2d 201 at 212 (stating that choice of forum clauses are prima facie valid and must be enforced).  Such mandatory forum selection clauses preclude removal of a case in state court to federal court.  See Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 322 (10th Cir. 1997); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992); also see Summit Packaging Systems, Inc. v. Kenyon & Kenyon, 273 F3d. 9, 13 (1st Cir. 2001) (in an arbitration context, stating that "forum selection is necessarily exclusive" and "when parties agree that they 'will submit' their dispute to a specified forum, they do so to the exclusion of all other forums").

14.  A forum selection clause is prima facie valid, should control, and should be enforced unless there is a strong showing that it should be set aside. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009);  Scherk

---

[1] See Exhibit A – Fuel Purchase Contract 902-14-07 dated January 29, 2008, page 24, article XXII and Exhibit B – Fuel Purchase Contract 902-03-08 dated December 31, 2008, page 24, article XXIV.

v. Alberto Culver Co., 417 U.S. 506, 518 (1974); M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10 (1972).  Only if the party resisting the application of the forum selection clause shows that application of the clause would be unreasonable and unjust under the circumstances or that the forum selection clause was the result of fraud or overreaching, may the federal district court disregard the choice of forum clause. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d at 18.  However, even when a dispute regarding a contract arises out of an allegation of fraud, a forum selection clause in such contract should be enforced unless the inclusion of the choice of forum clause itself was a result of fraud or coercion. Scherk v. Alberto Culver Co., 417 U.S. at 519.

15. The Vitols have not defeated the strong presumption in favor of enforceability of the forum selection clauses in the contracts between PREPA and Vitol, Inc.  The Vitols have not shown, in fact they have not even argued, that enforcement of the forum selection clauses in the contracts would be unreasonable and unjust under the circumstances or that the inclusion of the choice of forum clauses in the contracts between PREPA and Vitol, Inc. was the result of fraud or overreaching.  Therefore, the honorable court should enforce the forum selection clauses and remand the State Case back to state court.

16. Finally, PREPA requests costs and attorney's fees as a result of the Vitols improper removal of the State Case, pursuant to 28 U.S.C. § 1447(c).  In deciding whether to award costs and attorney's fees as a result of the removal of a case to federal court, the key factor is the propriety of the defendant's removal. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d at 322.  The district

court does not need to find that the removal was done in bad faith in order to award costs and attorney's fees incurred by a plaintiff as a result of removal from state court to federal court. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d at 322.

17. The Vitols' removal was patently improper in light of the forum selection clauses contained in the contracts between PREPA and Vitol, Inc. upon which PREPA's complaint and the Vitols' counterclaim are premised. The Vitols knew that removal was improper but decided to disregard the forum selection clauses and remove the case nonetheless. The Vitols should have to reimburse PREPA any and all just costs and actual expenses, including attorney's fees, incurred by PREPA as a result of the Vitols removing the State Case to this honorable court.

WHEREFORE PREPA respectfully requests that the honorable court enter an order remanding the instant case to the state court from which it was removed, requiring the Vitols to pay PREPA any and all just costs and actual expenses, including attorney's fees, incurred by PREPA as a result of the Vitols removing the State Case to this honorable court, and granting PREPA ten (10) days from the entry of said order to inform the honorable court the total of costs and actual expenses, including attorney's fees, incurred by PREPA as a result the Vitols removing the State Case to this honorable court.

RESPECTFULLY SUBMITTED.

In San Juan, P.R. on January 5, 2010.

## Certificate of Service

I hereby certify that on January 5, 2010 I electronically filed a copy of the foregoing motion with the Clerk of the U.S. District Court for the District of P.R. using the CM/ECF system, which will send electronic notice to counsel for the Vitols, and that I mailed a copy of the foregoing motion by First Class mail postage pre-paid to Cristina M. Abella Díaz, RG Law Offices, P.S.C., 124 Isabel Andréu Aguilar St., San Juan, P.R. 00918 and to Carlos M. Benítez, Inc., 470 Ponce de León Ave., San Juan, P.R. 00918.

>s/ Eduardo J. Corretjer Reyes
>USDC-PR 224113
>BUFETE ROBERTO CORRETJER PIQUER
>Attorneys for PREPA
>625 Ponce de León Ave.
>San Juan, P.R. 00917-4819
>Tel. 787-751-4618
>Fax 787-759-6503
>E-mail: ejcr98@yahoo.com
>www.corretjerlaw.com

c:ecr/aee/vitol/prepa opo-vitol m-removal